UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Russell John Hatton and Lloyd Robert Desjarlais, | Case No. 16-cv-3895 (WMW/SER) |
| Plaintiffs, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |
| Emily Johnson Piper et al., | |
| Defendants. | |

This matter is before the Court on the January 23, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Steven E. Rau. (Dkt. 47.) Plaintiffs Russel John Hatton and Lloyd Robert Desjarlais filed this action alleging statutory and constitutional claims against 25 Defendants in their individual and official capacities. Plaintiffs allege that, when placed on the Minnesota Sex Offender Program's disciplinary "Restrictive Status," they were denied the opportunity to participate in communal Native American religious ceremonies and that this denial violated their rights. Defendants move to dismiss for lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted. The R&R recommends granting Defendants' motion to dismiss Plaintiffs' complaint with prejudice. The R&R also recommends granting Plaintiffs' motion to accept their late reply and denying Plaintiffs' motion to amend their complaint. No objections to the R&R have been filed.

In the absence of timely objections, a district court reviews an R&R for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having conducted a careful review, the Court finds no clear error as to the R&R's recommendation that the Court lacks subject-matter jurisdiction over Plaintiffs' request for monetary damages from official-capacity defendants and injunctive relief from individual-capacity defendants. Plaintiffs also fail to state a claim on which relief can be granted under the American Indian Religious Freedom Act (AIRFA), 42 U.S.C. § 1996; the Minnesota Constitution, Minn. Const. art. I, § 16; the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(b); and the First, Fourth, and Fourteenth Amendments to the United States Constitution. And the Court finds no clear error as to the R&R's recommendation to grant Plaintiffs' motion to accept their late reply and to deny Plaintiffs' motion to amend their complaint.

The Court modifies the R&R, however, as it pertains to the R&R's recommendation that this matter be dismissed with prejudice. A dismissal with prejudice operates as an adjudication on the merits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). The dismissal of a complaint typically is without prejudice unless the complaint is so deficient or defective that it cannot be cured. *See, e.g.*, *Wolff v. Bank of New York Mellon*, 997 F. Supp. 2d 964, 980 n.8 (D. Minn. 2014). And claims over which the Court lacks subject-matter jurisdiction *must* be dismissed *without*

prejudice. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011). Here, only Plaintiffs' claims under AIRFA and the Minnesota Constitution are fatally flawed. Neither AIRFA nor the freedom-of-conscience provision in the Minnesota Constitution provides a private cause of action. *See Eggenberger v. W. Albany Twp.*, 820 F.3d 938, 941 (8th Cir. 2016); *Lockhart v. Kenops*, 927 F.2d 1028, 1036 (8th Cir. 1991). For these reasons, the Court dismisses with prejudice only Plaintiffs' claims pursuant to AIRFA and the Minnesota Constitution, and dismisses without prejudice the remaining claims.

## ORDER

Based on the R&R, the foregoing analysis, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The January 23, 2019 R&R, (Dkt. 47), is **ADOPTED AS MODIFIED**.

2. Defendants' motion to dismiss, (Dkt. 17), is **GRANTED**, and Plaintiffs' complaint is **DISMISSED** as follows:

    a. Plaintiffs' claims under the American Indian Religious Freedom Act, 42 U.S.C. § 1996, and the Minnesota Constitution, Minn. Const. art. I, § 16, are **DISMISSED WITH PREJUDICE**.

    b. Plaintiffs' remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiffs' motion for the Court to accept their late reply, (Dkt. 31), is **GRANTED**.

4. Plaintiffs' motion to amend their complaint, (Dkt. 42), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 28, 2019
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge